UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA EATON<br>P.O. Box 34716<br>Washington, DC 20043<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505,<br><br>    Defendant. | Civil Action No. 17-936 |

# COMPLAINT

## Preliminary Statement

1. Through this action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq., as amended*, Plaintiff, Joshua A. Eaton ("Eaton"), appeals the Defendant's, the United States Central Intelligence Agency's ("CIA" or "Agency"), (1) failure to provide Eaton with a full and complete FOIA response and (2) improper withholding of responsive documents or segregable portions thereof.  This Complaint is timely, as CIA has failed to provide a response to Eaton's FOIA request (the "Request") within anything approaching the required statutory deadline. A true and correct copy of the Request is attached hereto as part of Exhibit 1.

2. On December 10, 2014, then-Senator Mark Udall described, in some detail, the so-called "Panetta review" of "the CIA's torture program" on the floor of the Senate. 160 CONG. REC. S6474 (daily ed. Dec. 10, 2014) (remarks of Sen. Udall).

1

3. Sen. Udall specifically stated that, "while a small portion of this review is preserved in our committee spaces, I have requested the full [Panetta review]. Our request has been denied by Director Brennan." 160 CONG. REC. S6476 (daily ed. Dec. 10, 2014).

4. As part of his remarks, Sen. Udall placed his request for the Panetta review in the context of "the CIA's unauthorized search of the committee's dedicated computers in January" of 2014; about which the Agency's Inspector General found that "the CIA personnel involved demonstrated a 'lack of candor.'" *Id.*

5. On January 1, 2015, Eaton submitted the Request to the Agency, seeking "[a]ny and all emails [after Nov. 30, 2013] between (a) Senator Mark Udall or his staff and (b) CIA Director John Brennan or his staff concerning the so-called Panetta Review of the CIA's enhanced interrogation program." Ex. 1, Request, at 1.

6. Despite two expired estimated completion dates ("ECDs"), multiple follow-ups from Eaton, and the elapse of over twenty-eight months since Eaton submitted the Request, the Agency has yet to release any records or otherwise make a final determination.

7. Eaton has constructively exhausted his administrative remedies with regards to his Request. CIA's failure to respond is a clear violation of FOIA, which allows 20 days for an agency to respond to a request, or 30 days upon written request and a showing of unusual circumstances. 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(B)(i)-(iii).

8. FOIA requires federal agencies to respond to public requests for documents, including the search and production of files maintained electronically, in order to increase public understanding of the workings of government and access to government information. FOIA requires agencies to respond to such requests within twenty (20) working days. 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

9. CIA is an independent agency, which has promulgated regulations implementing the FOIA. *See* 32 C.F.R. Part 1900.

10. Accordingly, CIA should have disclosed such documents in timely fashion, which it has failed to do.

11. CIA's actions in this regard are also inconsistent with Executive Office Policy on FOIA compliance issued by President Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failure might be revealed, or because of speculative or abstract fears. … All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

Pres. Barack Obama, "Transparency and Open Government," 74 FR 4685-4686 (Jan. 26, 2009).

12. In summary, in failing to respond to Eaton's FOIA request, CIA has arbitrarily refused to produce or otherwise identify the specific documents that are responsive to the Request. Additionally, CIA has improperly withheld documents, or segregable portions thereof, that are responsive and are required to be released under FOIA. Finally, CIA has egregiously failed to abide by the statutory timeframe for processing or otherwise responding to requests under FOIA.

## **Jurisdiction**

13. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### Venue

14. Venue in this Court is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

15. Plaintiff, Eaton, is a private individual residing in Washington, D.C. Eaton is employed as an investigative journalist, reporting on issues that include national security, human rights, social justice, surveillance and faith-based social movements. Eaton has regularly contributed to the Washington Post, the Boston Globe, the Christian Science Monitor, Al Jazeera English, Salon, Teen Vogue, The Huffington Post, GlobalPost, Religion News Service, and others. *See* Ex. 2, Eaton Publication List.

16. Defendant, CIA, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(f)(1), and is located in Washington, D.C. CIA is in possession and/or control of the records requested by Eaton, which are the subject of this action.

### Factual Allegations

17. Eaton repeats, re-alleges, and incorporates by reference paragraphs 1 – 16 and all Exhibits thereto, as if set forth in full herein.

18. CIA acknowledged the Request via a letter dated January 30, 2015, assigning the Request a reference/tracking number of F-2015-00722. Ex. 3, CIA Initial Acknowledgement.

19. On February 2, 2015 and approximately every thirty (30) days thereafter, Eaton submitted an automated follow-up request to the Agency, asking about the status of his Request. Ex. 4, Communications Log.

20. After five (5) such requests, the CIA provided an "interim response" by letter dated June 15, 2015, informing Eaton that it was still processing his Request, and providing an ECD of September 5, 2015. Ex. 5, CIA First Interim Response. The First Interim Response

informed Eaton that the Agency would not "acknowledge or respond to any additional queries regarding the status" of the Request until after the ECD. *Id.* at ¶2.

21. Notwithstanding this statement, the Agency did not respond again to Eaton's queries until November 16, 2015, following three (3) follow-up attempts after the first ECD had passed. Ex. 4, at 2.

22. The CIA's second Interim Response, dated November 18, 2015, acknowledged the expiration of the first ECD, and provided a second ECD of May 5, 2016. Ex. 6, CIA Second Interim Response.

23. On June 8, 2016, more than a month past the second ECD, Eaton submitted an appeal (the "Appeal") of the Agency's failure to act, pointing out that the CIA had failed to respond to his May 6, 2016 request for a status update regarding the Request. Ex. 7, Appeal.

24. The CIA responded to Eaton's Appeal by letter dated June 16, 2016, informing him that, under 32 C.F.R. § 1900.42(a), the CIA did not consider him to be entitled to appeal the Agency's delay or otherwise dilatory behavior with regards to his Request. Ex. 8, CIA Appeal Response.

25. To date, CIA has not disclosed any responsive documents to Eaton's Request. Over twenty-eight months (two years and four months) have elapsed since Eaton's original Request, and CIA has apparently ignored or otherwise failed to adhere to two successive ECDs, and has denied Eaton his ability to protest or otherwise appeal the Agency's treatment of his Request. *See* Ex. 8; *see also* Ex. 4, at 2 – 3.

26. To date, Eaton has not received any records, nor has he received any information regarding the status of his Request since the Agency's last letter in June of 2016. Communications Log at 2 – 3.

## COUNT I

### Violation of the Freedom of Information Act

27. Eaton hereby repeats, re-alleges, and incorporates by reference Paragraphs 1 – 26 of this Complaint, and all Exhibits thereto, as if fully set forth herein

28. Eaton originally submitted his Request over twenty-eight (28) months ago; as of the date of this Complaint, it has been eight hundred and sixty-eight days since Eaton submitted his request.

29. CIA's failure to provide a legitimate basis and rationale for withholding responsive documents, or segregable portions thereof, for almost two and a half years to date, is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

30. CIA's failure to fully and completely respond to Eaton's plainly stated FOIA request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

31. Eaton has constructively exhausted his administrative remedies, having waited over twenty-eight months since making his original Request, and having been affirmatively denied the opportunity to administratively appeal. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(C).

32. All conditions precedent to the commencement of this action have occurred or been performed.

### Relief Requested

WHEREFORE, Plaintiff, Eaton, prays that this Court:

(1) Maintain jurisdiction over this action until CIA is in compliance with FOIA, and every order of this Court;

(2) Find CIA in violation of FOIA for refusing to release the requested documents in the Agency's possession and for failing to follow its own FOIA regulations;

(3) Enjoin CIA from withholding all responsive records, or segregable portions thereof, that were requested by Plaintiff, and order their immediate disclosure thereto;

(4) Order CIA to respond to Plaintiff's Request fully and completely and in a manner that will allow Eaton to gauge the adequacy of the response;

(5) Award reasonable costs and attorneys' fees to Eaton as provided in 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Alexander J. E. English*
Alexander English, Esq.
D.C. Dist. Ct. Bar #: MD0005
GreenSpring Legal, LLC
1509 Rainbow Dr., Ste. 101
Silver Spring, MD 20905
*Tel*:   301-466-4024
*Email*:  ajeenglish@greenspringlegal.com
*Attorney for Plaintiff*

Date: May 17, 2017